IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| G. Lee Trussell,<br>Bruno E. Carrara,<br>And Jerry D. Geist,<br><br>                  Plaintiffs,<br><br>vs.<br><br>Energy & Technology<br>Company, Ltd.,<br>A Bermuda Corporation, and<br>E-Tech North America, Ltd.,<br>A Delaware Corporation.<br><br>                  Defendants. | )<br>)<br>)<br>)   Civil No. 02-1337-RLP/LF G<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW, Defendants and pursuant to this Courts Pre-Trial Orders herewith presents their proposed Findings Of Fact And Conclusions Of Law:

## GENERAL

*FINDINGS OF FACTS*

1. That the Defendant Energy & Technology Company, Ltd., is a Bermuda company duly formed and existing under the laws of Bermuda.

2. That the Defendant Energy & Technology Company North America, Ltd., is a wholly owned subsidiary of the Bermuda company formed and existing under the laws of the state of Delaware.

3. That the Bermuda company adopted a set of Bye Laws at it's initial meeting.

4. That the Corporations Bye Laws govern the Administration of the Defendants.

5. That the company entered into a Developers Agreement with Kingsland for a two-year period, which provided ten million dollars ($10,000,000.00) to the Defendants.

6. That there was no decision by the Board of Directors of Shareholders to continue operations of the Company beyond the Kingsland Developers Agreement.

## PLAINTIFFS COUNT I

*FINDINGS OF FACTS*

7. That Jerry D. Geist is a senior officer of the Defendants.

8. That G. Lee Trussell is a senior officer of the Defendants.

9. That Bruno E. Carrara is a senior officer of the Defendants

10. That a Contract For Employment between the Plaintiffs and the Defendants required a Board approval

11. That no such approval was sought or received

12. That the Contracts for Employment between the Plaintiffs and the Defendants are void and of no effect

13. That Plaintiff Jerry D. Geist entered into Agreement known as Employment Extensions without seeking or receiving Board Approval

14. That the Bye Laws require such approval

15. That there was no consideration given by the Plaintiffs that would make the Employment Extension contracts

16. That Plaintiff Jerry D. Geist failed to notify the Board of Shareholders of the Employment Extension and their effects

17. That such failure was a breech of his Fiduciary duty to the Company

18. That the very existence of the Employee Commitments were not disclosed to the Board, which was entitled to know the fact.

19. That the payment of $3.2 million for the SSPA was a condition precedent to the Employment Extensions.

## PLAINTIFFS COUNT II

*FINDINGS OF FACTS*

20. That Jerry D. Geist owned Willow Village Shopping CenterThat Jerry D. Geist owned Santa Fe CenterThat Jerry D. Geist did not disclose his ownership of Willow Village to the Board of Directors

21. That the Bye Laws required disclosure.

22. That Jerry D. Geist did not disclose the terms of the lease arrangement between Willow Village Shopping Center and Santa Fe Center.

23. That Jerry D. Geist's lease arrangements between the Energy & Technology Company North America, Ltd. And Santa Fe Center was undisclosed self-dealing

24. That said undisclosed self-dealing resulted in a private profit to Jerry D. Geist to the detriment of the Defendants

25. That the Plaintiff Jerry D. Geist entered into Lease Extensions without seeking or receiving Board Approval in New Mexico and Monaco

26. That the Bye Laws require such approval

27. That Plaintiff Jerry D. Geist entered into Lease Extensions knowing that there was no money in the Company to pay them

## PLAINTIFFS COUNT III

*FINDINGS OF FACTS*

28. That despite demand, Plaintiffs retained documents materials and assets belonging to the Defendants.

## PLAINTIFFS COUNT IV

*FINDINGS OF FACTS*

29. That during the relevant time period, from March of 2000 through October of 2002, the Plaintiffs were the only officers of the Defendants and the only people responsible for the day to day operation of the Defendants and are responsible to the Shareholders for any claims against E-Tech resulting from action or failures to act by the Defendants.

## PLAINTIFFS COUNT V

*FINDINGS OF FACTS*

30. Plaintiffs are not entitled to indemnification under the Bye Laws because the actions involved in this lawsuit are specifically excepted and due to their abject failure to follow the Bye Laws at any other time.

## COUNTER CLAIM I

*FINDINGS OF FACTS*

31. That the Plaintiffs reimbursed themselves money for items purchased for use in the business

32. That the Plaintiffs failed to account for any of the aforementioned items or money

33. That Plaintiffs reimbursement without accounting for the property caused harm to the Defendant Corporation

34. That Plaintiff Jerry D. Geist entered into Agreement known as Employment Extensions without seeking or receiving Board Approval

35. That the Bye Laws require such approval

## COUNTER CLAIM II

*FINDINGS OF FACTS*

36. That the Plaintiffs reimbursed themselves money for items purchased for use in the business

37. That the Plaintiffs failed to account for any of the aforementioned items or money

38. That Plaintiffs reimbursement without accounting for the property caused harm to the Defendant Corporation

39. That Plaintiffs used Corporate money to purchase assets without account for said assets. Plaintiffs failed to furnishing over basic accounting statements to Shareholders.

40. That Plaintiffs knowingly and willfully mismanaged the assets of the Defendant Corporations through policies that benefited the officers to the

detriment of the Corporations and willfully and affirmatively hid these policies from the Shareholders and Successor Directors.

## COUNTER CLAIM III

*FINDINGS OF FACTS*

41. That Jerry D. Geist owned Willow Village Shopping Center

42. That Jerry D. Geist owned Santa Fe Center

43. That Jerry D. Geist did not disclose his ownership of Willow Village to the Board of Directors

44. That the Bye Laws required disclosure

45. That Jerry D. Geist did not disclose the terms of the lease arrangement between Willow Village Shopping Center and Santa Fe Center

46. That Jerry D. Geist's lease arrangements between the Energy & Technology Company North America, Ltd. And Santa Fe Center was undisclosed self-dealing

47. That said undisclosed self-dealing resulted in a private profit to Jerry D. Geist to the detriment of the Defendants

48. That the Plaintiff Jerry D. Geist entered into Lease Extensions without seeking or receiving Board Approval in New Mexico and Monaco

49. That the Bye Laws require such approval

50. That Plaintiff Jerry D. Geist entered into Lease Extensions knowing that there was no money in the Company to pay them

51. That the Plaintiffs attempted to extort money from a majority Shareholder.

52. That the Plaintiffs attempted to preserve their own positions to the detriment of the Shareholders.

53. That the Plaintiffs failed to achieve any of their objectives despite being paid an exorbitant amount of salary in advance each month.

54. That the Plaintiffs attempted to bind the company to their salaries despite having full knowledge of the company's lack of financial ability to pay.

## COUNTER CLAIM IV

*FINDINGS OF FACTS*

55. That the Plaintiffs reimbursed themselves money for items purchased for use in the business.

56. That the Plaintiffs failed to account for any of the aforementioned items or money.

57. That Plaintiffs reimbursement without accounting for the property caused harm to the Defendant Corporation.

58. That the Plaintiffs delivered inaccurate and misleading accounting records to the Shareholders.

59. That the Plaintiffs refused, upon legitimate request of the Board of Directors to turn over the complete, accurate accounting.

60. That the Plaintiffs delivered inaccurate and misleading accounting statements to the Board of Directors.

61. That the Plaintiff Jerry D. Geist entered into Lease Extensions without seeking or receiving Board Approval in New Mexico and Monaco.

62. That the Bye Laws require such approval.

63. That Plaintiff Jerry D. Geist entered into Lease Extensions knowing that there was no money in the Company to pay them.

64. That Plaintiff Jerry D. Geist entered into Agreement known as Employment Extensions without seeking or receiving Board Approval.

65. That Plaintiff Jerry D. Geist failed to notify the Board of Shareholders of the Employment Extension and their effects.

66. That such failure was a breech of his Fiduciary duty to the Company.

67. That the Plaintiffs attempted to extort money from a majority Shareholder.

68. That the Plaintiffs attempted to preserve their own positions to the detriment of the Shareholders.

69. That the Plaintiffs failed to achieve any of their objectives despite being paid an exorbitant amount of salary in advance each month.

70. That the Plaintiffs attempted to bind the company to their salaries despite having full knowledge of the company's lack of financial ability to pay.

## **CONCLUSIONS OF LAW**

a. That the Corporation is bound by the laws of New Mexico and the Bye Laws of the Corporations.

b. That under the Bye Laws, the Corporation is run by its officers and the Plaintiffs were Senior Officers by virtue of their duties and responsibilities

c. That the Bye Laws of the Defendants require a seventy five percent (75%) super majority to fix salaries of Senior Officers.

d. Non-disclosure of the material fact is equivalent to an assertion that the fact does not exist and therefore any Contracts not appropriately presented to the Board do not exist.

e. That the Employment Extensions fail because of gross inadequacy of consideration justifies the denial of the specific performance requested by Plaintiffs.

f. The Employment Extensions with Plaintiff Jerry D. Geist fails because of lack of mutual consent (never asked Board for approval and he did not understand his own terms).

g. That the Employment Extensions are unreasonable due to the gross disparity of consideration and lack of notice to the Board allowing the Court to deny specific performance.

h. That the Employment Extensions fail for the lack of bargained for consideration.

i. That the Employee Commitment Letters and the Employment Extensions fail for lack of consent in writing by the Board.

j. That the Employee Commitment Letters and the Employment Extensions of Plaintiff Jerry D. Geist are voidable by the Defendants because of failure to disclose the self-dealing nature in violation of his Fiduciary Relationship as a Director.

k. That Plaintiff Jerry D. Geist failure to disclose his interest in Willow Village and the existing lease arrangements with Santa Fe Center voided the lease between E-Tech and Santa Fe Center/Willow Village.

l. That the lease between E-Tech and Santa Fe Center fails because of undisclosed merger of promisee and promisor.

m. That the leases, because of the self-dealing involved, required Board of Director approval, and because Plaintiff Jerry D. Geist could have but did not disclose to the Board and did not obtain approval from the Board the leases are voidable.

n. That Plaintiff Jerry D. Geist failed to use due care and diligence in respect to the two (2) leases because he failed to include the condition precedent that E-Tech actually have the money to meet the obligation.

o. That Plaintiffs paid themselves excessive salaries in violation of their Fiduciary Duty to Defendants.

p. That Plaintiffs failure to furnish accounting records to Shareholders violated the Fiduciary responsibility.

q. That Plaintiffs failure to account for assets purchased with corporate funds was waste.

r. That Plaintiffs use of corporate funds to fulfill personal needs is a breech of their Fiduciary duty and is theft.

s. That under New Mexico corporate law, Plaintiffs actions in deceiving the Shareholders and Successor Directors is a breech of their Fiduciary duty and an abuse of their trust.

# TABLE OF AUTHORITY

1. NM Statues Annotated 1978 Chapter 53 Article 11 § 27
2. NM Statues Annotated 1978 Chapter 53 Article 11 § 48
3. NM Statues Annotated 1978 Chapter 53 Article 11 § 4§§k
4. NM Statues Annotated 1978 Chapter 53 Article 11 § 4§§L
5. Restatement (Second) of Contracts §161 (d)
6. Restatement (Second) of Contracts §79
7. Restatement (Second) of Contracts §201(3)
8. NM Statues Annotated 1978 Chapter 53 Article 11 § 27
9. Restatement (Second) of Contracts §208
10. Restatement (Second) of Contracts §71
11. Restatement (Second) of Contracts §17
12. NM Statues Annotated 1978 Chapter 53 Article 11 § 4
13. NM Statues Annotated 1978 Chapter 53 Article 11 § 43
14. NM Statues Annotated 1978 Chapter 53 Article 11 § 40.1
15. Diiaconi Vs NewCal Corp., 97 N.M. 782, 642 P2d 1234
    t. 25 A.L.R. 3rd 941
    u. § 161 Restatement of Contracts 2d
16. §79 Restatement of Contracts
17. § 20 (3) Restatement of Contracts
18. § 205 Restatement of Contracts
19. § 71 Restatement of Contracts
    v. NM Statues Annotated 1978 Chapter 53-11-43.

20. NM Statues Annotated 1978 Chapter 53 -11-40.1

    w.  Diiaconi v New Cal Corp. 97 New Mexico Statute 782; 642 P.2 1234

21. NM Statues Annotated 1978 Chapter 53 -11-40.1

22. Restatement of Contracts § 71

23. New Mexico Statutes 53-11-40.1 and 53-11-43

24. Cambell v Watson (1901 62 NJ EQ 396, 50 A 120)

## DEFINITIONS
Black's Law Dictionary (7th ed. 1999)

**De facto** – thus, an office, position or status existing under a claim or color of right such as a de facto corporation. In this sense it is the contrary of dejure, which means rightful, legitimate, just, or constitutional.

**De facto officer** – One who, while in actual possession of the office, is not holding such in a manner prescribed by law.

**Defalcation** – the act of a defaulter; act of embezzling; failure to meet an obligation; misappropriation of trust funds or money held in any fiduciary capacity; failure to properly account for such funds. Commonly spoken of officers of corporations or public officials.

**Duty** – Any action, performance, task, or observance owed by a person in an official or fiduciary capacity, duty of candor. A duty to disclose material facts; esp., a duty of a director seeking shareholder approval of a transaction to disclose to the shareholders all known material facts about the transaction. A person's duty not to engage in self-dealing or otherwise use his or her position to further personal interests rather than those of the beneficiary. *For example, directors have a duty not to engage in self-dealing to further their own personal interests rather than the interests of the corporation. Fiduciary duty- A duty of utmost good faith, trust, confidence, and candor owed by a fiduciary (such as a lawyer or corporate officer) to the beneficiary (such as a lawyer's client or a shareholder); a duty to act with the highest degree of honesty and loyalty toward another person and in the best interests of the other persona (such as the duty that one partner owes to another).

**Fiduciary Relationship** – When one person has a duty to act for or give advice to another on matters falling within the scope of the relationship.

Respectfully submitted:

O'GORMAN & SANDRONI P.C.
ATTORNEYS AND COUNSELORS AT LAW

_____
ANDREW D. SANDRONI  # 4256
Attorney for Defendant
8050 Watson Road, Suite 240
February 3, 2004
St. Louis, MO 63119-5329
(314) 843-2000
(314) 843-7332

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed, postage prepaid on the 3rd day of Feb 2004 to Aldridge, Grammer, Jeffery & Hammar P.A., Attn: Kevin Hammar, Attorney at Law, 1212 Pennsylvania N.E., Albuquerque, NM 87110 and William Darling, Attorney at Law, 2716 San Pedro NE, Suite A, P.O. Box 3337, Albuquerque, NM 87190-3337.

By: _____