# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

G. LEE TRUSSELL, BRUNO E. CARRARA,
and JERRY D. GEIST,

      Plaintiffs,

      vs.                                                Civ. No. 02-1337 RLP/LFG

ENERGY & TECHNOLOGY COMPANY, LTD.,
a Bermuda Corporation, and E-TECH NORTH
AMERICA, LTD., a Delaware Corporation,

      Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER having come before the Court from February 17-20, 2004 for a non-jury trial, the Court having considered all the evidence submitted, the parties' requested findings of fact and conclusions of law and the argument of counsel, makes the following findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

## FINDINGS OF FACT

1.     Plaintiffs G. Lee Trussell, Bruno E. Carrara and Jerry D. Geist are residents and citizens of the state of New Mexico.

2.     Defendant Energy & Technology Company, Ltd. ("ETC, Ltd.") is a Bermuda Corporation duly formed and existing under the laws of Bermuda. Its principal place of business is in Bermuda.

3.     Defendant Energy & Technology Company North America, Ltd. ("ETC, N.A.") is a wholly-owned subsidiary of ETC, Ltd. and was formed and exists under the laws of the State of Delaware. Its principal place of business is outside the state of New Mexico.

4.     Mr. Geist was recruited by Nuri Colagoklu to advise him and his numerous

related companies regarding the development and supply of a liquified natural gas ("LNG") terminal being built in Turkey by a Colagoklu-controlled company. Specifically, Mr. Colagoklu desired that Mr. Geist develop supply and sales contracts for the benefit of the Colagoklu LNG terminal under construction in Turkey.

5. It was for this initial purpose that ETC, Ltd. was formed.

6. Mr. Geist and Moris Cerasi were the initial directors of the company. Messrs. Trussell, Carrara and Geist were officers and employees of the company. The bylaws of ETC, Ltd. were approved at its statutory meeting on March 28, 2000.

7. The employment commitment letters dated April 1, 2000 for Messrs. Geist, Trussell and Carrara were contracts of employment by and between ETC, Ltd. and Messrs. Geist, Trussell and Carrara. The term of the employment with ETC, Ltd. was for a period of two years and would automatically extend on a year-to-year basis unless either party terminated the contract in writing as set forth in the employment commitment letters.

8. On February 15, 2001, Mr. Trussell's salary was raised 8% effective March 1, 2001 to a monthly rate of $17,550.00. Similarly, Mr. Carrara's salary was raised 8% effective March 1, 2001, to a monthly salary of $23,401.00.

9. On June 1, 2002, employment extensions were endorsed by Mr. Geist for and on behalf of Messrs. Geist, Trussell and Carrara. The periods of employment were extended through January 31, 2003. Mr. Trussell's rate of compensation remained unchanged at $17,550.00 per month, plus expenses. Mr. Carrara's compensation remained unchanged at $23,401.00 per month, plus expenses. Mr. Geist's employment remained unchanged at $97,500.00 per month, plus expenses.

10. ETC, Ltd. had an initial capitalization indicating that the Colagoklu family owned 70% of the company with the remaining 30% held by Messrs. Geist, Baker and Johnston.

11. ETC, Ltd. was formed to benefit other Colagoklu companies and financial enterprises. Plaintiffs took their direction from Mr. Colagoklu.

12. Mr. Geist was Chairman of the Board of Directors of ETC, Ltd. and had the authority to act for and on behalf of ETC, Ltd. in all respects. Mr. Geist had the authority to contract for and on behalf of the ETC, Ltd. as well as to bind the company to the employment agreements referred to above.

13. Plaintiffs as employees of ETC, Ltd. and Mr. Geist as a director of ETC, Ltd. at all times provided full and appropriate accountings to Mr. Colagoklu and other shareholders.

14. In May 2002, ETC, Ltd. acquired the full rights to the Selmo Oilfields. This acquisition was accomplished through the efforts of Plaintiffs as employees of ETC, Ltd. Mr. Colagoklu directed Mr. Geist to sell these interests to Valentia Exploration and Production, Ltd., another Colagoklu company. This sale was a substantial benefit to the Colagoklu financial interests.

15. Plaintiffs were paid under their employment agreements through May 2002. No further payments have been made to Plaintiffs.

16. ETC, Ltd. has corporate by-laws providing indemnification for its officers and directors for any liability incurred in defending any civil proceeding in which judgment is rendered in favor of the officer or director. (Articles 124-127, ETC, Ltd. By-Laws).

## CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2. The Court has personal jurisdiction over the parties and venue is proper.

3. ETC, Ltd. by and through its subsidiary company ETC, N.A. breached the employment agreements it had with Plaintiffs. Plaintiffs were constructively terminated as of June 30, 2002. Plaintiffs were constructively terminated because Defendants failed or refused to pay Plaintiffs under their employment extension agreements dated June 1, 2002.

4. As a result of Defendants' breach of employment contracts with Plaintiffs, Plaintiffs suffered damages under the contracts in the amount of 12 months' salary each. Mr. Trussell was damaged in the amount of $210, 600.00, Mr. Carrara was damaged in the amount of $280,812.00 and Mr. Geist was damaged in the amount of $1,170,000.00.

5. Plaintiffs were constructively terminated by ETC, Ltd. as of June 30, 2002.

6. Plaintiffs during the course and scope of their employment with ETC, Ltd. did not breach any fiduciary duties to Defendants. Plaintiffs at all times acted within the course and scope of their employment as senior officers of ETC, Ltd., enhanced the business purpose of the company and at all times expended funds on its behalf in accordance with the bylaws of the company.

7. Plaintiffs are not responsible for any claims by Defendants' shareholders for any action or failures to act by Plaintiffs. At all times material to the events set forth in the First Amended Complaint for Damages, Declaratory and Other Equitable Relief, Plaintiffs acted in the best interests of Defendants and did not act with any negligence, gross

negligence or fraud.

8. Plaintiff Geist is entitled to expenses he incurred that were made for and on behalf of Defendants pursuant to his contract with Defendants. Mr. Geist is entitled to receive lease payments made on Defendants' behalf for the Monaco leasehold in the amount of $258,439.64. Mr. Geist is entitled to the rents he paid on behalf of Defendants in Albuquerque, New Mexico in the amount of $10,000.00. Mr. Geist is entitled to his un-reimbursed moving expenses in the amount of $30,579.69. The expenses advanced by Mr. Geist for and on behalf of Defendants were necessary and reasonable in all respects.

9. Defendants are not entitled to recover on the counterclaims.

10. Plaintiffs are entitled to contractual indemnification by Defendants including legal fees and other costs incurred by them in defending the counterclaims asserted in this case by virtue of the corporate by-laws of ETC, Ltd.

                                                              RICHARD L. PUGLISI  
                                                            United States Magistrate Judge  
                                                            Sitting by Designation